**The DAVIS COMPANY**
v.
**RUSSELL–HARVELLE HOSIERY MILLS, Inc.**
Civ. No. 282–R.

United States District Court
M. D. North Carolina,
Rockingham Division.
April 10, 1956.

James P. Burns, Washington, D. C., Jordan &. Wright, Greensboro, N. C., Charles A. Noone, Chattanooga, Tenn., Robert E. Burns, New York City, for plaintiff.

Eaton, Bell, Hunt & Seltzer, Charlotte, N. C., for defendant.

HAYES, District Judge.

The plaintiff brings this suit to restrain the defendant from infringing certain claims in its Patent, towit, claim 4 of Getaz Patent No. 2,230,402, claims 1 and 7 of Getaz Patent No. 2,230,403 and claim 1 to 6 inclusive of Getaz Patent No. 2,344,350, and for damages for past infringement. The defendant admits that its stockings, exemplified by plaintiff's Exs. 1, 2 and 8 come within the language of the patent claims in suit but pleads invalidity, relying on the teachings of fifteen prior patents, only two of which require discussion, namely, British Patent to Sturgess, No. 4418 of 1886 and U. S. Patent to Getaz, No. 2,-054,217 of 1936.

For a history of the Getaz Patents reference is made to Davis Co. v. Baker-Cammack Hosiery Mills, D.C., 86 F. Supp. 180, modified 4 Cir., 181 F.2d 550, certiorari denied 340 U.S. 824, 71 S.Ct. 58, 95 L.Ed. 605. That case involved 167 hosiery manufacturers and challenged the validity of the patents and specifically the present claim in suit. They were held valid and infringed. While this defendant was not a party to that litigation, the present defendant is waging this battle, in part at least, by financial assistance from several manufacturers who were enjoined in the former litigation and by some who are now licensees under the plaintiff.

The views of this court expressed at great length in the opinion, supra, are not changed by the facts disclosed in this trial. Hence the views expressed in that case are adopted for the purposes of this case.

Of all the prior art relied on by the defendant to establish invalidity, its expert witness selected Sturgess and Getaz '217 to show invalidity. Sturgess Patent No. 4418 of 1886 was thoroughly considered in the former case both by the trial court and by the Court of Appeals and both held that the present claims in suit of the patents in suit were valid over Sturgess. This trial disclosed nothing new which warrants a different conclusion. What was said of the Sturgess Patent in the former case applies with equal force in the present suit.

It remains necessary to consider the expired Getaz Patent '217 and its effect on this case.

It is the claim of defendant that Getaz '402, '403 and '350 cover nothing more than a duplication of the identical subject matter disclosed and claimed in the expired '217 patent. Hence defendant claims that the disclosures covered by the '217 patent became public property upon the expiration of the patent. Scott Paper Co. v. Marcalus Mfg. Co., 326 U.S. 249, 66 S.Ct. 101, 90 L.Ed. 47. However, the expired Getaz Patent '217 relates to a method adopted and capable of producing commercially usable anti-ravel selvage edges other than that of the Getaz Patent '350, while the elastic anti-ravel selvage edge article of Getaz Patent '350 can be produced by methods other than that of Getaz Patent '217. '402 relates to the novel fabric, a typical

**34**

product patent, and '350 to the product, the specific elastic anti-ravel selvage, it is significant that the Patent Office required a division and separate application between claims to the novel fabric and claims to the method of making such fabric, because they were separate inventions, resulting in the simultaneous issuance of Patents '402 and '403.

The contention of the defendant is not sustained. Patent '217 is a separate and distinct invention and is not an indispensible part of '402 or '403 and the expiration of '217 does not enure to the benefit of defendant for infringing the claims of Patents '402 or '403 and '350 which were copending with application for '217. Standard Brands v. Federal Yeast Corp., D.C., 38 F.2d 329; Puett Electrical Starting Gate Corporation v. Harford Agr. and Breeders' Association, D.C., 88 F.Supp. 360; Wirebounds Patents Co. v. Saranac Automatic Mach. Corp., 6 Cir., 37 F.2d 830; Aurora Mantle & Lamp Co. v. Kaufmann, 7 Cir., 243 F. 911; In re Cady, 1955, 77 F.2d 106, 22 C.C.P.A., Patents, 1190; Oliver United Filters, Inc., v. Silver, 10 Cir., 206 F.2d 658; Traitel Marble Co. v. U. T. Hungerford Brass and Copper Co., 2 Cir., 22 F.2d 259. The case of Saranac Machine Co. v. Wirebounds Patents Co., 282 U.S. 704, 51 S.Ct. 232, 75 L.Ed. 634, relied on by defendant here, was considered by the Court of Appeals in the former appeal, and for the reasons there stated and on the authorities above cited, the Wirebounds case is inapplicable to the facts here.

The defendant, with full knowledge of all the facts, including the decision of this court in the Baker-Cammack case and of its affirmance by the Court of Appeals, persisted in the infringement of Patents '350, '402 and '403 and secured financial assistance from some of the defendants covered by the permanent injunction in the former case and from others who were paying royalties to the plaintiff. The defendant and its attorneys knew also that the Supreme Court of the United States refused to review the decision of the Court of Appeals. The situation not only warrants, but requires, the award of treble damages. Consolidated Rubber Tire Co. v. Diamond Rubber Co. of New York, D.C., 226 F. 455, 463-464.